VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00057



| Spaulding NOV |
|---|

## ENTRY ORDER

Title:       Motion to Reconsider Supplemental Question (Motion: 6)

Filer:       Edward Spaulding

Filed Date:  August 5, 2024

No response filed.

**The motion is DENIED.**

------------------------------------------------------------------------------------------------------------

Title:       Motion for Mediation (Motion: 7)

Filer:       Edward Spaulding

Filed Date:  August 7, 2024

Town of Waitsfield Memorandum in Opposition, filed on August 21, 2024, by Beriah C. Smith, Esq.

**The motion is DENIED.**

This is an appeal of a Town of Waitsfield Development Review Board (DRB) decision denying Edward and Courtney Spaulding's (Appellants or the Spauldings) appeal of a February 13, 2023 Notice of Violation issued to them by the Town of Waitsfield Planning and Zoning Administrator (Zoning Administrator) regarding the placement of a storage container (the Storage Container) on their property located at 31 Center Fayston Road, Waitsfield, Vermont (the Property) without a zoning permit and within the front setback of the Property (the NOV). Appellants appealed the DRB's decision to this Court.

Two motions are presently pending before the Court. First, the Spauldings move to reconsider part of this Court's July 26, 2024 Entry Order denying their motion to supplement the operative Statement of Questions. In re Spaulding NOV, No. 23-ENV-00057 (Vt. Super. Ct. Envtl. Div. July 26, 2024) (Walsh, J.). Second, the Spaudlings move this Court to require the parties to attend mediation. The Town of Waitsfield (Town) opposes the motions.

## Discussion

### I.    Motion to Reconsider

While not directly cited, the Court understands the Spauldings' motion as being made pursuant to Vermont Rules of Civil Procedure (V.R.C.P.) Rule 59(e), which governs motions to alter or amend a judgment. The Court has identified four basic grounds for granting a Rule 59(e) motion: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 10—11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Importantly, motions to reconsider should not be used to "relitigate old matters" or to "raise arguments or present evidence that could have been raised prior to entry of the judgment." Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.) (quoting Wright, Miller, & Kane, § 2810.1) (internal footnotes omitted). Thus, disagreement between the parties or with the Court's decision is not grounds for granting such a motion. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.).

The Spauldings' motion seeks reconsideration of one discrete issue within the July 26, 2024 Entry Order: the right to a jury trial before the Environmental Division. The Spauldings present a slightly different basis in support of their contention that they are entitled to a jury trial in this matter than what was presented in their initial motion to amend or supplement. Specifically, their initial motion addressed their claim of right to a jury trial under V.R.C.P. 38 and Article 10 of the Vermont Constitution. Presently, they allege the right to a jury trial under the Seventh Amendment of the United States Constitution. While the Court considers this legal theory to be improperly raised under Rule 59(e), we briefly address it for Appellants' clarity because it does not alter the Court's conclusion.

The Spauldings cite to federal case law related in relevant part the right to a jury under the United States Constitution's Seventh Amendment when civil penalties are sought by the government. Sec. & Exch. Comm'n v. Jarksey, 144 S.Ct. 2117 (2024). The Spauldings appear to argue that, because enforcement of a zoning violations can carry up to a $200 per day fine, they are entitled to a jury trial under the Seventh Amendment. This assertion misstates the context of the pending appeal. Before the Court is a de novo appeal of the NOV, which alleged that the Storage Container constituted a

zoning violation(s) at the Property. There is no request for fines or penalties before the Court.[1] Thus, the case law cited by the Spaudlings in their motion is not relevant to this action.

To reiterate the Court's July 26, 2024 Entry Order, there are no jury trials before the Environmental Division. See V.R.E.C.P. 5(g) ("In an appeal by trial de novo, all questions of law or fact . . . shall be tried by the [C]ourt . . ..") (emphasis added); see also V.R.E.C.P. 4(a)(3) (listing the provision of the Vermont Rules of Civil Procedure that are not applicable in this Court and including V.R.C.P. 38, which addresses jury trials and the right thereto); see also In re Letourneau, 168 Vt. 539, 552—54 (1998) (analyzing this Court's lack of jury trials in the context of the Equal Protection Clause of the U.S. Constitution and determining that the denial of a jury trial was not a denial of the equal protection of law).

For this reason, the Spauldings' motion presents no grounds for the Court to reconsider the July 26, 2024 Entry Order and the motion is **DENIED**.[2]

## II.     Motion for Mediation

This Court may require parties to participate in alternative dispute resolution processes, including mediation, to attempt to resolve issues before the Court. See V.R.E.C.P. Rule 2. The Spaudlings move for an order requiring the parties to engage in mediation because the Town has refused their requests. The Town objects to the motion.

The motion and response indicate that the parties' present positions would limit the likelihood of a successful mediation session because the positions are diametrically opposed at this time.[3] The Court will not require the parties to attend a mediation in light thereof and the Town's opposition to

---

[1] Should the NOV ultimately be upheld and become final and binding upon all parties, it may subsequently lead to an action wherein the Town pursues statutory fines. Such an action is not before the Court.

[2] The motion appears to additionally request reconsideration of this Court's November 15, 2023 Entry Order denying the Spauldings' request for a change of venue. See In re Spaulding NOV, No. 23-ENV00057 (Vt. Super. Ct. Envtl. Div. Nov. 15, 2023) (Walsh, J.). At that time the Spauldings' requested a change of venue to federal district court. Id. A motion to reconsider that decision was to be made within 28 days of the date of the Entry Order and, as such, to the extent that the pending motion seeks reconsideration of that Entry Order, it is untimely and must be **DENIED**. V.R.C.P. 59(e). The Court, however, seeks to reiterate to the Spauldings that a change of venue is not possible, even to the Civil Division of the Vermont Superior Court. Again, this appeal is within the exclusive and original jurisdiction of this Court. See V.R.E.C.P. 3 (setting for the actions within the original jurisdiction of this Court); 4 V.S.A. § 34 (statutorily defining the jurisdiction of this Court); see also Gould v. Town of Monkton, 2016 VT 84, ¶ 10, 202 Vt.535 (concluding that the Environmental Division has exclusive jurisdiction over mattes under 24 V.S.A. Ch. 117). This appeal is not within the original jurisdiction of the Civil Division, and it could not have been brought within the Civil Division. This appeal could only have been brought in this Court. We cannot change the venue of this action to a court that is without jurisdiction to hear it.

[3] The Spauldings' motion appears to assert that they are unwilling and/or unable to move the Storage Container to another location on the Property and the Town asserts in opposition that the Storage Container as presently located is a zoning violation that they will not allow through settlement to continue.

the request. This is particularly true when to do so would require the parties to incur additional expense in litigating this matter, which has been pending for more than a year.[4]

For these reasons, the motion is **DENIED**.

### Conclusion

For the foregoing reasons, the Spauldings' motions are **DENIED**.

This matter has been pending for over 15 months without significant progress on the underlying merits. The Court notes that there is an outstanding motion to compel. The Court has ordered the parties to confer as required by V.R.C.P. Rule 26(h). The Court will rule upon the motion, or any aspect thereof that may remain after the parties' conference, when it is fully briefed. After which time, the Court will set this matter for a status conference to set a trial date.

Electronically signed this 19th day of September 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[4] While the Spauldings assert that mediation would be done through a free clinic, there are additional costs to mediation, particularly for the Town, most apparent in the form of attorney fees to prepare for and attend the mediation.